[Civ. No. 17815. Second Dist., Div. One. Jan. 2, 1951.]

CORNELIA R. PIUS, Respondent, v. BUFORD JONES et al., Appellants.

Crispus A. Wright for Appellants.

Arthur J. Speight for Respondent.

DORAN, J.—This is an appeal from the judgment and the order denying defendants' motion for a new trial.

It is contended on appeal that "The court committed reversible error in failing to allow appellants to amend their answer to conform to the evidence and in refusing to grant to appellants a new trial."

The record reveals that "The respondent and her husband, John E. Pius, acquired the real property concerned in this litigation by grant deed dated 6th of March, 1945, from Alberta Seward. On April 3, 1945, respondent and her husband made a contract in writing under the terms of which Leslie Howard and his wife, Eva Mae Howard, were to purchase the property. The agreement is Plaintiff's Exhibit 3. John E. Pius died on December 22, 1946, and thereafter and before the commencement of this action, the Superior Court of this County, upon petition of this respondent, made a decree establishing the death of Mr. Pius and terminating the joint tenancy which had existed between them, and the record title was then in Cornelia R. Pius.

"The Howards made payments on the property to December 15, 1947, but failed to make the payment of $75.00 due on January 14, 1948, and thereafter made no payments whatever.

"Under the terms of the agreement, the Howards were to pay taxes, and upon their failure to do so, the property was sold to the State for delinquent taxes, and Mrs. Pius paid the necessary money to redeem. Howards were also to pay the insurance, but Mrs. Pius also paid that.

"During 1948, a Mr. Robert Newman, real estate broker, purportedly acting for the Howards, wrote several letters to Mrs. Pius, in an attempt to persuade her to sell the property. She was then in the east. At first she paid no attention, but later, through her then attorney, H. Leonard Richardson, she agreed to take the balance due her from the Howards, although Newman had written her that Howard was unable to meet the payments. Mrs. Pius sent a grant deed to Richardson, which was dated April 21, 1948. This deed was placed in escrow. The deed was returned to Richardson on September 25, 1948, together with a letter from the escrow company. The escrow had been opened on March 22, 1948 but no money was ever put in by the Howards or in their behalf. The escrow failed because Newman or the Howards could not get a loan. As Newman put it, 'he had a transaction but had failed for finances.' Mrs. Pius was not the party who cancelled the escrow, nor did her attorney, Mr. Richardson, cancel it.

"On September 30, 1948, respondent exercised the option provided in the contract, to be released from all obligations in law and equity to convey the property and to forfeit the interest of the Howards therein.

"On October 4, 1948, the Howards executed a grant deed to Buford Jones and Floreda Jones, for which he received nothing. . . . During all of 1948, Howards collected $40.00 per month as rent upon the rear house on the property, and prior to that had collected $25.00 per month."

The deed executed by the Howards above referred to manifestly was void for the record title remained in the plaintiff at all times.

Appellants' argument that the clause in the contract making time the essence was waived because plaintiff did not insist on its strict performance lacks merit; the buyer simply failed to pay at all.

The appeal is destitute of merit. The evidence supports the findings and the record is without error.

The judgment is affirmed and the appeal from the order dismissed.

White, P. J., and Drapeau, J., concurred.